JOHN H. MOREL AND E. BELCHER, COMPL'TS. VS. PAT'K HOUS-
TOUN AND AL., DEF'TS.

## In Equity.

If a case is made out in which a Court of Equity gives relief, a demurror cannot be sustained
*Secus* where the equity of plaintiff is not stated with sufficient certainty.

There was no law of Georgia in force in 1795, requiring a deed of *personal* property to be re-
corded.

A purchaser cannot be bound by the *constructive* notice afforded by the record of a deed, not
required by law to be recorded.

Where upon a bill for discovery and relief the discovery sought will afford no ground for equi-
table relief, a demurrer to the relief is good to the discovery also.

### By LAW, Judge.

THIS is a bill filed to recover certain negroes and their issue,
conveyed in 1795 by *Robert Bolton* to *Phineas Miller*, in trust
for the complainant, Mrs. *Belcher ;* and sold in 1803 by *Wil-
liam Belcher*, the husband of the complainant, (without the as-
sent of Mrs. *B*. or her trustee,) to defendant, *Houstoun*, upon
certain trusts.   The bill alleges, that the deed from *Bolton* to
*Miller* had been recorded, and that at the time of both convey-
ances Mr. *Belcher* was in easy pecuniary circumstances.   It
seeks a discovery of the identity of the original negroes, and of
the issue since born ; and prays for relief by delivering up of
the negroes and payment of hire, or the payment of their esti-
mated value and hire.   A general demurrer has been filed for
want of equity in the bill.

The general rule is, *that whenever a case is made in which a
Court of equity gives relief, the bill cannot be demurred to for
want of equity*; but whenever no sufficient ground is shewn for a
Court of equity to interfere, the defendant may demur for want of
equity in the plaintiff's case to support the jurisdiction of the Court.
(2 Mad. Ch. 287.)

So also if the equity of the plaintiff is not stated with sufficient certainty a demurrer lies.   (1 Ves. Jr. 287.   8 Ves. Jr. 398.)

If the case made by the bill be cognizable *solely* in a Court of common law, or in any other Court of ordinary jurisdiction, a demurrer lies.   Now, it is quite clear, upon the face of this bill, that the plaintiff, if entitled and not barred by time, may recover this property at law in an action of detinue or trover.   There is no one allegation in the bill, which in my view can give to this Court jurisdiction.   It is true as a rule in equity, that all persons coming into possession of the trust property with *notice of the trust,* shall be considered as trustees, and bound with respect to that special property, and the execution of the trust.   (2 Mad. Ch. 124.)   But it is not alleged in this bill that the defendant, *Houstoun,* purchased with notice, either actual or constructive.   Nor is any fact or circumstance set forth in the bill from which to infer notice to him, save only the fact that the deed from *Bolton* to *Miller* was on record; and this, it was contended by the complainants counsel, was constructive notice.   It might be a sufficient answer to say, that there is no allegation in the bill charging notice, but if there were, I do not think that there would be any justice in compelling the purchaser to be bound by implied notice of the contents of that deed.   The foundation of this rule in equity is fraud in the purchaser; to apply it to the defendant, he is to be considered as charged with a *fraud* in purchasing property which he *knew* did not belong to the vendor.   But how is this charge of fraud to be supported, when *Houstoun* had no clue by which he was to be directed to look into the deed from *Bolton* to *Miller.* He was dealing with *Belcher,* and supposing the trust to be otherwise totally unknown to him, he might as well be required to examine the contents of every deed on record.   Such is the reasoning of the Chancellor in *Murray* vs. *Ballou,* (1 *John.* Ch. Rep. 574.)   But at the time these conveyances were made, after duly considering the Act of 1768, it does not appear to me, that there

[Morel vs. Houstoun.]

was any law of this State requiring a deed of personal property to be recorded,* and the rule is well established, that the record of a deed not required by law to be recorded, cannot be considered as furnishing constructive or implied notice of its contents to a purchaser.

The doctrine of the jurisdiction of the Court is this, you cannot attach upon the *conscience* of the party any demand whatever, when he stands as a purchaser having paid his money, and denies all notice of the circumstances set up by the bill. (2 Ves. 458.) This bill charges no notice, and states no facts or circumstances from which notice can be inferred. The defendant, therefore, appears as a purchaser for a valuable consideration without notice, and against such an one, this Court will not extend its jurisdiction to compel an answer, nor take the least step imaginable. The complainants, however, seek a discovery for the purpose of establishing the identity of the negroes and proving their issue. And it has been contended on this ground that this demurrer must be overruled. The old rule in England unquestionably was, that a demurrer might be good to the relief and bad to the discovery. But Lord *Thurlow* held, that a demurrer which was good to the relief, was good to the discovery also. And this rule thus introduced by Lord *Thurlow*, has been ever since the doctrine of the English Chancery Courts. It has been said by another eminent Chancellor in England, to be one of the wisest rules ever established.† It proceeds upon the idea that a bill of discovery must state some purpose to which the discovery sought must be applicable, and the supposed hardship on a defendant, in compelling him to encounter expense and to answer, when the Court cannot give relief. I am aware that this doctrine was not approved alto-

---

* But see Act of Dec. 21st, 1819, *Prince's* Dig. 2d ed. 215, and Act of 26th Dec. 1827, *Prince's* Digest 2d ed. 165.—(*Ed.*)

† Master of the Rolls, for the Lord Chancellor (*Rosslyn,*) 3 Ves. Ch. Rep. 347. See *Baker* vs. *Mellish*, 10 Ves. Ch. Rep. 553.—(*Ed.*)

[Morel *vs.* Houstoun.]

gether by the Court of Errors of New York.* But even in that case, it seems to be admitted that when in the complainant's case, from his own shewing, no discovery or proof can make it a proper subject of equitable jurisdiction, the bill will be dismissed upon demurrer. Now there is no fact stated or alleged in this bill, to which an answer or discovery is sought, that can possibly authorize this Court to afford equitable relief. It is not alleged that *Houstoun* purchased with any knowledge of the trust in favor of Mrs. *Belcher*, and no discovery of that fact is sought by the bill. The discovery so far as it regards the identity of the negroes and their issue, cannot give to this Court jurisdiction.

I am, therefore, of opinion, that the demurrer in this case must be allowed.

---

* *Le Roy* vs. *Veeder*, (1 *John.* Cas. 423,) *Laight* vs. *Morgan, ibid,* 429. *Kimberly* vs. *Sells* (3 *John.* Ch. Rep. 471,) and see 1 *Story's* Equity, 82 et. seq. *Rees* vs. *Parish,* (1 *McCord's* Ch. Rep. 56—(*Ed.*)